## Brookhart v. Brookhart

*Samuel Bonavita,* for petitioner.
*Thomas E. Africa,* for respondent.

WOLFE, *P.J.,* March 18, 1981—Exceptions have been filed to our order of February 3, 1981 after an evidentiary hearing following petitioner's request for protection from abuse. Specifically exceptions are taken to our order requiring respondent to pay $160 per week for the support of petitioner and one minor child. Although other exceptions were filed we summarily dismissed them at time of argument because they were not timely raised or totally without merit.

We disagree the order of support is improper.

The Protection From Abuse Act of October 7, 1976, P.L. 1019, as amended, 35 P.S. § 10181 et seq., specifically empowers the court to grant such relief. Section 10186(a)(5) empowers the court to grant financial support to such persons as defendant has the duty to support. "Such a support order is temporary and any beneficiary of the order must petition for support under the provisions of the Civil Procedural Support Act within two weeks of the date of

the issuance of the protection order. If such a petition is not filed that portion of the protection order requiring the defendant to pay support is void. When there is a subsequent ruling on a petition for support under the Civil Procedural Support Act the portion of the protection order requiring the defendant to pay support becomes void."

We believe defendant has not considered that section 5(a) is in reference to an ex parte order without defendant's presence and clearly is not an evidentiary hearing in his absence. In the instant case, however, the court executed the ex parte order on January 30, 1981 which order did not direct payment for support. At the evidentiary hearing on February 3, 1981 with defendant present together with his counsel the court entered the support order after a review of the income of defendant. The argument petitioner did not pray for support in the petition is without merit. We see no benefit to be gained by the court holding two hearings on the issue of support. If defendant is of the opinion the support order is excessive either because of his income or the income of petitioner or, indeed petitioner is not entitled to support then, in such event, the petition should be to modify the order which could be initiated with the domestic relations section of the court since the order of February 3, 1981 directed the payments to be made weekly to the domestic relations office.

For these reasons we enter the following

## ORDER

And now, March 18, 1981, the exceptions to the order of February 3, 1981 are dismissed in toto.